Wilde J.
delivered the opinion of the Court. The tenant’s title is founded on the purchase of a right in equity at a sheriff’s sale, by virtue of which he has since redeemed the demanded premises from a preexisting mortgage; and it is admitted, that if the sale is valid, the tenant is entitled to judgment. The only objection made to it is a supposed irregularity in the proceedings of the sheriff; who did not make sale of the estafe at the time appointed, but adjourned the vendue for the space of four days ; which exceeds the time limited by the statute regulating such sales. (St. 1798, c. 77.)[1] It appears, however, that one of those days was Sunday; so that the question is, whether Sunday is to be reckoned one of the enumerated days referred to in the statute.
In support of the affirmative of the question, the demand-ant’s counsel rely on the case of Alderman v. Phelps, 15 Mass. R. 225. In that case it was decided, that where the thirty days, during which property attached on mesne process is held subject to execution, expires on Sunday, the lien created by the attachment does not continue through the next day.
This construction of the statute relating to attachment seems applicable to every statute, wherein the time limited for a particular purpose, is such as must necessarily include one or more Sundays, unless they are expressly excluded, or the intention of the legislature to exclude them appears manifest. But it does not follow that the same construction is to be given to a statute wherein the time limited is less than a week, and which, therefore, may or may not include Sunday.1 [2]
*370 The- question tnen is, what was the probable intention o' the legislature.
If Sunday is to be included, it must follow, that if a sale be adjourned on Thursday, Friday, or Saturday, only two days are to be allowed for the purposes of the adjournment, as on Sunday the transaction of all secular business is prohibited.*
[1] We cannot think that this would be a reasonable construction of the statute'. We apprehend the intention of the legislature was, to limit the time of adjournment to the shortest period within which notice might be conveniently given and preparations made for the adjourned sale :[2] and that three business days were to be allowed for these purposes. If it were required that adjournments should only be made from day to day, still no one would doubt that an adjournment from Saturday to Monday would be legal, for every statute must have a reasonable construction.
The construction we give to the statute in this case, is conformable to the construction which has been given to the rules of Court allowing time for pleading and other matters ; and is supported by the principles laid down in the case of Avery v. Stewart, 2 Connect. R. 69. It is not in opposition to the rule respecting days of grace allowed on bills of exchange and promissory notes ; for that rule depends altogether on the custom of merchants. It has been said however to be opposed to the practical construction, which has been given to the statute regulating the sale of goods and chattels taken on execution. Whatever may have been the practical construction of that statute, it does not appear to have been *371 sanctioned by any judicial decision; and it would not be proper to decide upon it extra-judicially. If that statute has received such a practical construction as is supposed, it ought not to be received as a rule for the construction of other statutes, unless it is a reasonable construction. Now it is obvious, that if Sunday is to be included as one of the enumerated days under that statute, the consequence would he, that a seizure of goods on execution on Wednesday would be void, for the goods must be sold the fourth day, and that being Sunday, the sale would be void ; another creditor therefore might attach and hold the goods, notwithstanding the seizure ; and this certainly would not seem to be a reasonable construction of the statute. Such a construction, unsupported by authority, would not be a safe guide for us in the construction of another statute.
Upon the whole, therefore, we are of opinion, upon the facts agreed, that the tenant’s title under the sheriff’s sale is valid, and, according to the agreement of the parties, the demandant is to become nonsuit.

 See Revised Stat. c. 73, § 40.

 By the Revised Statutes, (c. 73, § 40,) the sale by the officer may be adjourned for any time not exceeding seven days. It would seem from the text that Sunday is not now to be excluded. In New York it is held, that the *370 proceedings in the statute foreclosure of a mortgage are not void because the day of sale specified in the advertisement happens on a Sunday. A sale on Sunday under such proceeding is not, it seems, prohibited by statute. Sayles v. Smith, 12 Wendell, 57.

 See Sayles v. Smith, 12 Wendell, 57, where it is held, that all acts in the transaction of business done on Sunday are as valid as if done on any other day of the week, unless prohibited by the common law or by statute. See also the last preceding note.
A transfer of personal property made on Sunday is valid, and the tit.e to the property passes. Boynton v. Page, 13 Wendell, 425. See this subject discussed and a contrary decision made, in Lyon v. Strong, 6 Vermont R. 219
See also Fox v. Abel, 2 Connect. R. 541; 13 Amer. Jurist, 378.

 See Scribner v. Whitcher, 6 N. Hamp. R. 63.