WM. P. BLACKISTONE V. J. K. O. SHERWOOD.

1. TAX DEED; *Notice of Redemption.* A notice of redemption in substantial compliance with the requirements of the statute is essential to the validity of a tax deed.

2. NOTICE, *Not Specific; Invalid Deed.* Where for land sold for taxes of 1875 the notice states that the land will be deeded "on and after September 5, 1879, or within three years from the day of sale," *held*, that the notice is not specific, definite, or correct, and a deed based thereon is invalid.

*Error from Coffey District Court.*

ACTION brought by *Sherwood* against *Blackistone*, to quiet his title to the S.E. ¼ sec. 7, township 22, range 17, in Coffey county. The defendant set up a certain tax deed. The plaintiff alleged that the final tax notice was not published as the statute requires. A copy of the final notice is as follows:

COUNTY TREASURER'S NOTICE OF LANDS AND LOTS SUBJECT TO TAX DEED.

STATE OF KANSAS, COUNTY OF COFFEY.  
COUNTY TREASURER'S OFFICE,  
BURLINGTON, KAS., March 24, 1879.

Notice is hereby given that the following list of lands and town lots, situated in the county of Coffey and state of Kansas, having been sold for the taxes of the year A. D. 1875, and still remaining unredeemed, will be deeded to the purchasers thereof on and after the 5th day of September, A. D. 1879, or within three years from the day of sale, unless previously redeemed. The said list is as described upon the tax-roll of said county, with the name of the person to whom assessed, if any prefixed, and annexed thereto is the amount of taxes charged, and interest calculated to the last day of redemption, as aforesaid.

Witness my hand, this 24th day of March, A. D. 1879.

H. E. COWGILL,  
*County Treasurer Coffey County, Kansas.*

The court found said tax deed void by reason of the imperfect notice, and adjudged accordingly. Defendant brings the case here. Other facts are stated in the opinion.

*Crow & Widby*, and *Buck & Feighan*, for plaintiff in error.
*Almerin Gillett*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The question in this case is as to the validity of a tax deed, and its validity turns on the sufficiency of the notice of redemption. Counsel in this case understand the office of a case-made, and, omitting all unnecessary matters, have embodied in their case only so much as·is necessary to present the question. Their briefs are equally direct and pointed. It is a pleasure to examine such a record and such briefs. Turning now to the notice:

It states that the lands in the list, "having been sold for the taxes of the year A. D. 1875, and still remaining unredeemed, will be deeded to the purchasers thereof on and after the 5th day of September, A. D. 1879, or within three years from the day of sale, unless previously redeemed." The statute (Comp. Laws of 1879, ch. 107, § 137) requires the treasurer to publish a notice that unless the lands named " be redeemed on or before the days limited therefor, specifying the same, they will be conveyed," etc. Does the notice comply with the statute? Clearly not. Who can tell from this notice alone when the time of redemption will expire, and the purchaser be entitled to a deed? It says at one time or another, and the latter is not specified. Take a sheriff's advertisement of sale of real estate and let it read that the sale will be made on the 5th of September, or within thirty days from the date of the first advertisement: could it for a moment be claimed that the day of the sale was specified, or that any one could from it alone definitely determine when the sale was to be had? One or another is not definite and certain. The statute fixes the time at which tax sales shall commence; but they may be continued from day to day, so that while the tax-payer may be chargeable with notice of the time when the sales commence, he is not chargeable with notice of the particular day his land is sold. But again,

"within three years" is not the law. One year is within three years, but the owner has the full three years in which to redeem. The purchaser is not entitled to a deed within, but only after three years. The notice is therefore not only indefinite and uncertain, but in part incorrect.

But it is argued that the owner could not have been misled; that such notice, being subsequent to the sale, is not jurisdictional, and the error in it is only an irregularity which cannot affect the validity of the deed. Counsel say that the purchaser cannot control the treasurer, and therefore, having purchased and paid his money, he should not be held responsible for any blunders of that officer. He may fairly be held bound by mistakes before the sale, for his purchase is voluntary, and he takes his chances when he buys; but after the sale he cannot help himself, and should not be affected by any errors or mistakes of public officers.

We cannot assent to this claim. We have considered this before in the cases of *Shoup v. C. B. U. P. Rld. Co.*, 24 Kas. 547; *Watkins v. Inge*, 24 id. 612; *Long v. Wolf*, 25 id. 522, and held such notice essential to the validity of the deed. The purchaser at a tax sale obtains only an inchoate title, and for a completed title must depend upon a substantial compliance with all legal requirements up to and including the execution of his deed. Nor is this any hardship, for the large interest given is abundant compensation for any investment at tax sales. We indorse what is said by Judge Cooley in his work on Taxation, page 365:

"Whatever the statute may make provision for, subsequent to the sale, in order to the protection of the interest of the parties having the right to redeem, must be strictly performed. The reasons which require this are the same that render imperative a strict compliance with all those provisions which are to be observed in the interest of tax-payers before the sale is made. Perhaps the most usual requirement is the publication of a notice to the tax-payer, with sometimes a personal service upon the owner, in case he is known and is a resident. All provisions of this nature must be strictly complied with. Nothing can be substituted for them by the officers," etc.

The ruling of the district court was correct, and must be affirmed.

All the Justices concurring.