## N. A. ENGLISH v. THOMAS WILLIAMSON.

1. TAX SALE—*Redemption.* Where real estate has been sold for taxes, the owner "may, at any time within three years from the day of sale, and at any time before the execution of the deed, redeem" the land from the sale; and in computing the three years' time, the day of sale should be excluded.

2. REDEMPTION NOTICE, *Insufficient.* Where land was sold for taxes on September 4, 1878, and the redemption notice stated that the land would be conveyed to the purchaser on September 4, 1881, unless redeemed *prior to that date, held,* that the redemption notice did not give the owner three years' time within which to redeem his land.

3. COMPUTATION OF TIME—*Sunday, when Excluded.* And *further held,* in such case, that as September 4, 1881, was Sunday, the owner of the land had the right to redeem his land from the taxes up to and including September 5, 1881; that in cases like this, where the last day comes on Sunday, it should be excluded in the computation of time, and the next day should be included.

4. TAX DEED, *Voidable.* A tax deed founded upon such sale and made in pursuance of such redemption notice is voidable at the instance of the owner of the land, he paying all taxes, penalties, interest and costs due on the land.

*Error from Sedgwick District Court.*

EJECTMENT, brought by *English* against *Williamson.* Judgment for defendant at the June Term, 1884. The plaintiff brings the case to this court. The material facts are stated in the opinion.

*Ruggles & Parsons,* for plaintiff in error.

*Stanley & Wall,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by N. A. English against Thomas Williamson, to set aside a tax deed on five lots in the city of Wichita, and to recover the property conveyed by the tax deed. The case was tried by the court without a jury, and the court made special findings of fact and conclusions of law, and rendered judgment in favor of the defendant and against the plaintiff that the tax title was valid, and for costs; and to reverse this judgment the plaintiff now brings the case to this court.

It appears from the record brought to this court that the tax deed is valid upon its face, and is not void or voidable for any reason unless it is void or voidable for the reasons hereafter mentioned. The plaintiff claims that the tax deed is void or voidable for the following reasons: (1) That the assessment roll, or in other words the return of the assessor to the county clerk, has not been verified by any oath or affidavit, and no oath or affidavit has been attached to such assessment roll, as required by § 51 of the tax law of 1876. (2) That the redemption notice, as provided for by § 137 of the tax law of 1876, and as in fact issued and published by the county treasurer, did not give to the owner of the property three years' time from the day of the tax sale within which to redeem his lots from such sale. (3) That the lots were sold

for an overcharge of fees by the county treasurer. We shall not in this case attempt to determine whether the first and third objections to the tax deed are tenable, or not. We are inclined, however, to the opinion that they are not tenable. (See § 6 of the act relating to oaths, and § 139 of the tax law of 1876.)

We shall now proceed to consider whether the second objection to the tax deed is tenable, or not. It appears from the record brought to this court, that the lots were sold on September 4, 1878, for the taxes of 1877, and that the redemption notice, which was dated April 7, 1881, stated that unless the lots were redeemed prior to September 4, 1881, they would be conveyed to the purchaser. That portion of the redemption notice which is most material reads as follows:

"Public notice is hereby given to all whom it may concern, that the following lands and town lots in said county sold on the 4th day of September, 1878, for the taxes and charges of the year 1877, and remaining unredeemed at this date, will be conveyed to the purchaser on the 4th day of September, 1881, unless redeemed prior to that date."

Evidently this notice does not comply with the statutes. Section 127 of the tax law of 1876 provides, among other things, that "any owner, his agent or attorney, may, at any time within three years from the day of sale, and at any time before the execution of the deed, redeem any land or town lot, or any part thereof, or interest thereon," from the taxes, by paying the same, with all interest and charges thereon. Section 137 of the said tax law provides that the redemption notice shall state, among other things, "that unless such lands or lots be redeemed on or before the days limited therefor, specifying the same, they will be conveyed to the purchasers;" and the days limited therefor, as prescribed by § 127 of said law, are "any time within three years from the day of sale" and "any time before the execution of the deed;" and no statute provides for any other limitation upon the time allowed to the owner to redeem his property from the tax sale. Also, § 138 of the tax law of 1876 provides, among other things,

that "if any land sold for taxes shall not be redeemed within three years from the day of sale, the county clerk of the county where the same was sold shall, on presentation . to him of a certificate of sale, execute" a tax deed. It will be seen from these quotations from the tax law that the owner of the land has, under any circumstances, at least "three years from the day of sale," and "any time before the execution of the deed," within which to redeem his land from the taxes; and the statute evidently means that the day on which the land was sold for the taxes shall be excluded from the computation of the three years' time. This construction of the statute, with regard to the time when the three years shall commence, is in harmony with the general rules for the computation of time with regard to statutes and contracts and all other transactions or things which require time for their consummation or completion. It is also in harmony with § 722 of the civil code, which reads as follows:

1. Tax sale; redemption.

"The time within which an act is to be done, shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded."

It is universally held that where the time is to be computed from a particular day or date, such day or date is to be excluded from the computation, and the full time given, exclusive of such day or date. Also, in some cases where the time is to be computed from some event or some act done, the day within which the event transpired or the act was done is also to be excluded; but probably in the majority of such instances the day on which the event occurred or the act was done is to be included in the computation. Among the Kansas authorities upon the subject of the computation of time, are the following: *Hook v. Bixby*, 13 Kas. 164, 168; *Dougherty v. Porter*, 18 id. 206, 208; *Northrop v. Cooper*, 23 id. 432; *Warner v. Bucher*, 24 id. 478. For other cases, see 13 U. S. Digest, first series, 24, *et seq.* Under the statutes and upon general principles the plaintiff had all of the 4th day of September, 1881, within which to redeem his lots from the taxes; but by

**2. Redemption notice, insufficient.** the terms of the said redemption notice he was prevented from redeeming on that day or on any day thereafter. Hence the redemption notice was erroneous. But it is said that the 4th day of September, 1881, was Sunday, and therefore that the plaintiff could not have redeemed his lots from the taxes on that day, even if the redemption notice had permitted him to do so, and therefore that the notice was not materially erroneous. We think this is a mistake. Under the statutes above quoted, (Civil Code, **3. Sunday, when excluded.** § 722,) when the last day comes on Sunday, that day, as well as the first, shall be excluded; and we suppose our tax laws, as well as all other statutes, were enacted with reference to this rule, and therefore that the rule should govern. Besides, we would also think that such rule should govern upon general principles. If Sunday in such a case is not excluded, the owner of the property would not have the full three years given to him by statute within which to redeem his property from the taxes; while the statutes in express terms give him that time, and more than that time. It is three years and until the execution of the tax deed which is given to him by the statute within which to redeem his land from the taxes; and a tax deed is never executed within the very first moment after the three years have expired, and generally not for days or even months thereafter. This rule should also govern for the purpose of preventing a forfeiture of the owner's land for a small amount of taxes, for forfeitures are never favored in law, and are always prevented if they reasonably can be prevented. In support of the proposition that Sunday should be excluded in such cases, we would cite the following authorities: *Goswiler's Estate,* 3 Penrose & W. (Pa.) 200; *Hammond v. Am. Mut. L. Ins. Co.,* 76 Mass. 306; *Stryker v. Vanderbilt,* 27 N. J. L. 68; *Salter v. Burt,* 20 Wend. 205; *Cock v. Bunn,* 6 Johns. 326; *Broome v. Wellington,* 1 Sandf. 664; *Thayer v. Felt,* 21 Mass. 354; *Avery v. Stewart,* 2 Conn. 69; *Douglas v. Rinehart,* 5 Kas. 393, 396.

The following cases hold that when the last day falls on

Sunday such day is not to be excluded, but is to be. counted the same as any other day: *Ex parte Dodge,* 7 Cow. 147; *The People v. Luther,* 1 Wend. 43.

In the present case, whether Sunday, September 4, 1881, was to be excluded, or not, and even if the defendant had demanded the immediate execution of his tax deed, still the plaintiff had the right, under the statutes, to redeem his lots from the taxes on the morning of September 5, 1881, for under the statutes he had a right to redeem his lots from the taxes until the tax deed was in fact executed. But the tax deed 4. Voidable   was not executed on September 5, 1881, and it tax deed.    could not have been executed so early on that day as to prevent the plaintiff from claiming his right to redeem his lots from the taxes before the tax deed was executed. But, as before stated, the redemption notice required the plaintiff to redeem his property from the taxes prior to September 4, 1881 — that is, on September 3, 1881; hence, as before stated, the redemption notice was erroneous in not giving the plaintiff the time to redeem his property from the taxes which the law authorizes. And it has been held by this court in at least two cases that a tax deed executed upon such a notice is invalid. (*Blackistone v. Sherwood,* 31 Kas. 35; *Hollenback v. Ess,* 31 id. 87.)

As September 4, 1881, was Sunday, we think the owner of the land had the right to redeem his land from the taxes up to and including September 5, 1881. In cases like this, where the last date comes on Sunday, it should be excluded in the computation of the time and the next day should be included. The rule adopted in this case, of excluding Sunday when the last day of some specified time falls on Sunday, does not apply to days of grace given for the payment of negotiable instruments, for days of grace are usually considered as mere days of grace; and if Sunday should intervene so as to prevent the party from having more than two days of grace, two would be considered as sufficient. (See § 5 of the act relating to negotiable bonds, notes, and bills of exchange.) Before the plaintiff commenced this action, he tendered to the defendant

the full amount of all the taxes, charges, interest, penalties and costs due upon the lots, and we suppose has kept the tender good, and therefore he has the right to avoid the tax deed in the present case.

The judgment of the court below will be reversed, and the cause remanded with the order that judgment be rendered in favor of the plaintiff and against the defendant for the lots in controversy and for costs, and that the defendant receive the amount tendered to him by the plaintiff.

All the Justices concurring.