## J. D. HILL v. GEORGE TIMMERMEYER.

1. Tax Sale; *Insufficient Redemption Notice.* Where land was sold at a tax sale on September 5, 1877, for the taxes of 1876, and the final redemption notice stated, among other things, that "unless said tracts and town lots are redeemed on or before September 5, A. D. 1880, they will be conveyed to the purchaser," and September 5, A. D. 1880, was Sunday, *held,* that the final redemption notice did not give the owner of the land three years after the sale, as the statute provides, (Tax Law, §§ 127, 137, 138,) within which to redeem his land from the taxes; and therefore such redemption notice is insufficient and voidable at the election of the owner of the land.

2. ———— *Tax Deed, Voidable.* And *further held,* in such case, that a tax deed executed upon such tax sale and redemption notice is voidable at the election of the original owner of the land, although such tax deed may not have been executed until after more than three years, and nearly five years had elapsed after the tax sale; the tax-title holder being allowed all taxes paid by him and his grantors on the land, with interest, costs, etc.

*Error from Sedgwick District Court.*

ACTION by *Hill* against *Timmermeyer,* to recover certain lots in the city of Wichita. Trial at the February Term, 1885, and judgment for defendant. The plaintiff brings the case here. The opinion states the facts.

*John R. Parsons,* for plaintiff in error.

*Bentley, Hatfield & Bentley,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J. : This was an action brought by J. D. Hill against George Timmermeyer, for the recovery of certain town lots in the city of Wichita, Kansas. The plaintiff claims title through a chain of conveyances from the original patentee down to himself; and the defendant claims title under a tax deed. Whether this tax deed is valid or not, as against the attack of the plaintiff, is the only question involved in the case. It was executed July 25, 1882, upon a tax sale of the property made September 5, 1877, for the taxes of 1876; and was recorded on the same day on which it was executed. The final redemption notice stated, among other things, that "unless said tracts and town lots are redeemed on or before September 5, A. D. 1880, they will be conveyed to the purchaser." The case was tried by the court without a jury, and upon the foregoing facts and others the court rendered judgment in favor of the defendant and against the plaintiff for the recovery of the property, and costs. The plaintiff brings the case to this court for review.

September 5, 1880, was Sunday, and of course the plaintiff could not redeem his property on that day, from the taxes charged against it; and hence, under the final redemption notice, and within its terms, he did not have three years after the sale, as the statute provides, (Tax Law, §§ 127, 137, 138,) within which to redeem his property from such taxes; and hence, such redemption notice was and is insufficient, and is voidable at the election of the owner of the property. (*English v. Williamson*, 34 Kas. 213; *Cable v. Coates, Assignee*, ante, p. 191.) More than three years, however, and nearly five, elapsed after the tax sale and before the tax deed was in fact executed; and no attempt was ever made to redeem the property from the taxes; and whether under such circumstances the tax deed can be avoided or not, because of the insufficiency of the redemption notice, is a more difficult question. It has been decided, however, in at least five cases in this court, where the redemption notice is not

<div style="margin-left:2em; font-size:smaller">1. Tax sale; insufficient redemption notice.</div>

sufficient, and where the tax deed was executed more than three years after the day of sale, and where no attempt was made prior to the execution of the tax deed, and in four of them not at all, to redeem the land from the taxes, that the tax deed was, nevertheless, voidable at the election of the original owner of the land. (*Blackistone v. Sherwood,* 31 Kas. 35; *Hollenback v. Ess,* 31 id. 87; *English v. Williamson,* 34 id. 212; *Stout v. Coates,* 35 id. 382; *Long v. Wolf,* 25 id. 522.) In the Long case, the sale was made on May 7, 1872, and the tax deed was executed November 30, 1876. In the Blackistone case, the sale was made on September 5, 1876, and the tax deed was executed December 19, 1879. In the Hollenback case, the sale was made on September 11, 1875, and the tax deed was executed November 14, 1879. In the English case, the sale was made on September 4, 1878, and the tax deed was executed June 29, 1882. In the Stout case, there were two sales and two tax deeds. The first sale was made on September 6, 1877, and the tax deed was executed September 18, 1880. The other sale was made September 2, 1879, and the tax deed was executed September 26, 1882.

No question with regard to any statute of limitations is involved in this case. The Blackistone case, the Hollenback case, and the English case, and especially the last, are directly in point in this case; and we shall follow them in this case.

2. Tax deed, voidable. It must therefore be held in this case that the tax deed is voidable at the instance of Hill, who holds the original title. As the judgment of the court below was in favor of the tax deed, such judgment must be reversed; but the defendant, Timmermeyer, will be entitled, under § 142 of the tax law, to receive all the taxes paid by him and his grantors on the lots, with interest, costs, etc.

Judgment reversed.

All the Justices concurring.