Pierce v. Adams.

## S. W. PIERCE V. H. G. ADAMS.

No. 15,290. (93 Pac. 594.)

SYLLABUS BY THE COURT.

1. TAXATION—*Redemption from Tax Sale—Limitation.* A landowner has three years from the day of sale, and any additional time which may elapse until the tax deed is executed, in which to redeem from a sale for taxes.

2. —— *Same.* If the tax deed be executed on the last day of the three-year period for redemption the landowner has no additional time after that day in which to redeem.

3. —— *Deed Void on its Face—Lien for Taxes.* Such a tax deed, although void on its face as a conveyance, vests in the grantee the lien for taxes.

4. —— *Tender of Redemption Money—Second Deed to Correct Defects.* After three years from the day of sale have elapsed and the tax deed has been executed a tender to the county treasurer of the amount necessary to redeem the land is unavailing to prevent the grantee from taking out a second deed to correct defects in the first one.

5. —— *Statutory Recitals in Deed—Payment of Subsequent Taxes.* The clause in the statutory form for a tax deed relating to the payment of subsequent taxes by the purchaser should be inserted in a deed based upon a sale to the county and an assignment of the certificate only when the purchaser has paid taxes subsequent to the assignment of the certificate.

6. —— *Statement of Consideration for Assignment in Deed.* A tax deed which recites a sale to the county and an assignment of the tax-sale certificate need not give a separate statement of the amount of taxes for each year, if there be more than one, which make up the consideration for the assignment. The statutory form merely requires that a gross sum, which equals the amount necessary to redeem, be stated.

7. —— *Impeachment of Deed—Evidence.* If the recitals of a tax deed which has been of record less than five years do not themselves impeach its validity evidence is necessary to overthrow it. An assumption of something which may or may not be true will not be indulged to defeat it.

Error from Meade district court; EDWARD H. MADISON, judge. Opinion filed January 11, 1908. Affirmed.

*Samuel R. Peters,* and *Fletcher B. Peters,* for plaintiff in error.

*M. W. Sutton, T. A. Scates,* and *Albert Watkins,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The plaintiff commenced a suit to quiet his title against two tax deeds. The first one was issued on September 4, 1903, the last day of the three-year period for redemption, and consequently was void on its face as an instrument conveying title. On May 22, 1905, the plaintiff tendered to the county treasurer the amount necessary to redeem, if redemption by payment to the treasurer were then permissible. On June 6, 1905, the tax-deed holder procured a second deed to correct the defect in the other. Judgment was rendered for the tax-deed holder, and the plaintiff prosecutes error.

The tender to the county treasurer was unavailing. Section 7662 of the General Statutes of 1901 reads as follows:

"Any owner, his agent or attorney, may at any time within three years from the day of the sale, and at any time before the execution of the deed, redeem any land or town lot or any part thereof or interest thereon."

This statute allows the landowner three full years from the day of sale within which to redeem and as much additional time as may elapse before the deed is executed. In the case of *English v. Williamson,* 34 Kan. 212, 8 Pac. 214, it was said:

"It will be seen from these quotations from the tax law that the owner of the land has, under any circumstances, at least 'three years from the day of sale,' and 'any time before the execution of the deed,' within which to redeem his land from the taxes." (Page 215.)

Here the plaintiff had the three years' time, which could not be diminished, but no additional time, because the deed had been executed.

It is argued that, since the county clerk has no authority to issue a tax deed before the period of redemption expires, the deed was no deed and the right of redemption was not cut off. The statute does not say that the owner may redeem within three years and at any time before the execution of a valid deed, or before the execution of a deed good on its face, but simply at any time before the execution of "the deed." The deed which was issued cannot be ignored as a tax deed. It was not an absolute nullity; it was only void as a transfer of title. If the defendant had taken possession of the land under the deed he would not have been a trespasser. In the case of *Cohen v. St. L., Ft. S. & W. Rld. Co.*, 34 Kan. 158, 8 Pac. 138, 55 Am. Rep. 242, it was said:

"But even if void, still a person holding the possession of land under a void tax deed is not a trespasser, but may make improvements on the land, and may recover compensation from the paramount owner for such improvements under the occupying claimant law." (Page 166.)

In the case of *Redden v. Tefft,* 48 Kan. 302, 29 Pac. 157, the syllabus reads:

"A tax deed void upon its face gives, under the statutes of this state, to a person in the possession of real estate thereunder, but who has made lasting and valuable improvements and paid taxes thereon, rights and equities."

The decisions in *Stebbins v. Guthrie,* 4 Kan. 353, and *Smith v. Smith,* 15 Kan. 290, are of the same tenor.

A tax deed void on its face as a conveyance is still sufficient to transfer the lien for taxes to the grantee. Such is the fair implication from the decisions in *English v. Williamson,* 34 Kan. 212, 8 Pac. 214, and *Cable v. Coates, Assignee,* 36 Kan. 191, 12 Pac. 931, both of which involved tax deeds issued before the three-year period of redemption had expired. The fact that the defect arises from a lack of power in some one of the tax officials does not affect the principle. The

Pierce v. Adams.

county treasurer has no authority to sell an undivided interest in land for delinquent taxes. Such a sale is invalid, and a deed showing such a sale is void on its face and passes no title to the purchaser. (*Corbin v. Inslee,* 24 Kan. 154.) But such a deed carries with it a lien for the taxes. In *Auld v. McAllaster,* 43 Kan. 162, 23 Pac. 165, the syllabus reads:

"A tax-title holder who seeks to recover the possession of an undivided half of three quarter-sections of land by an action of ejectment against the original owner, and is defeated in such action, is entitled to be paid by the successful claimant the amount of the taxes, together with the proper charges, interest and costs paid by him to procure his invalid tax deeds. And such taxes, interest, costs and charges are a lien upon the land until they are paid by the owner or some person liable therefor."

The tax deed must therefore be reckoned with. The county clerk could not by executing it diminish the three-year period for redemption, but after that time had elapsed, a tax deed having been executed, the treasurer could no longer receive the redemption money. The county no longer held the lien for taxes and the tender should have been made to the defendant to forestall the execution of a second deed.

"The holder of the tax deed was the proper party to receive the tender. The money was due to him. He had paid the county; no further duty was cast upon any county officer." (*Herzog v. Gregg,* 23 Kan. 726, 727.)

Of course, when the second deed was executed all rights of the defendant merged in it. The second tax deed recited a sale to the county in 1900 for the taxes of 1899, for the sum of $8.69. It further recited an assignment of the certificate of sale by the county clerk, on February 28, 1903, for $26.31, the cost of redemption at that time. The clause in the statutory form to be used when subsequent taxes have been paid was altogether omitted. The consideration for the conveyance was given as $26.31, the taxes, costs and interest due

4—77 KAN.

on the land for the years 1899, 1900 and 1901, "to the treasurer paid as aforesaid." No evidence was introduced to impeach the deed in any respect, and its validity is to be determined from what appears upon its face.

It is said the failure to fill the blanks in the omitted clause of the form makes the deed void, the argument apparently being that the subsequent taxes there mentioned are all those accruing after the sale. Such, however, is not the meaning of the form. The blank is left for the insertion of taxes paid by the purchaser subsequent to the assignment of the tax-sale certificate to him. There being no evidence that the purchaser in this case paid any taxes after he obtained the certificate of sale, there is nothing to show the clause was improperly omitted.

It is claimed the deed is void because it nowhere makes a separate statement of the amount of the taxes for the years 1900 and 1901, which entered into the consideration for the assignment of the certificate of sale. In this respect the deed follows the statutory form. The form makes no provision for a separate statement of the taxes for each year which make up the consideration for the assignment of the certificate of sale. Only a gross sum which equals the amount necessary to redeem at that time is to be given.

It is further claimed the deed is invalid because the correct consideration is not stated. The plaintiff founds his argument upon an assumption that the taxes for 1899, 1900 and 1901 were practically the same in amount. There was no evidence to that effect, and consequently the deed is not proved to be incorrect. If the recitals of a tax deed do not themselves impeach its validity evidence is necessary to overthrow it. An assumption of something which may or may not be true will not be indulged to defeat it.

Finally, it is said the lien of the certificate of sale was lost before the second deed was executed. (Gen. Stat. 1901, § 7714.) As already shown, the lien was

preserved by the first deed. Even though the second deed was not issued within four years of the date of the sale, the lien was not lost. (*Geer v. Thrasher*, 37 Kan. 657, 16 Pac. 94.)

The judgment of the district court was correct, and is affirmed.

JOHNSTON, C. J., MASON, SMITH, PORTER, GRAVES, JJ., concurring.

BENSON, J., dissenting.