C. B. HAHN *et al.* V. THE HILL INVESTMENT COMPANY.

No. 15,865.   (100 Pac. 484.)

1. TAX DEEDS—*Consideration for Assignment of Certificate.*  A
   tax deed was not void on its face because the taxes due when
   the certificate was assigned were given in a gross sum, in-
   stead of a separate statement of the taxes for each year.

2. ———— *Same.*  The tax deed having been recorded five years,
   it was presumed the amount recited as the consideration for
   the assignment was correct.

Error from Greeley district court; CHARLES E. LOB-
DELL, judge.  Opinion filed March 6, 1909.  Reversed.

*J. L. Travers,* for plaintiffs in error.

*J. Mack Love, William Glenn,* and *C. W. Wright,* for
defendant in error.

*Per Curiam:* This was a suit to quiet title.  The par-
ties claimed title to the land in question as follows:
The plaintiff, the Hill Investment Company, under a
sheriff's deed; defendant C. B. Hahn, under mesne con-
veyances from the holder of the patent; and defendant
Tansel F. Hahn, under a tax deed dated January 19,
1900, which was recorded more than five years before
the action was commenced.  This deed is in the stat-
utory form, showing that the land was offered at a
tax sale for the delinquent taxes of 1895 and was bid
off by the treasurer for the county for $5.52, the taxes
and charges then due, and recites an assignment of the
certificate on the 16th day of January, 1900, to Tansel
F. Hahn, for $31.74, and the payment by her of $4.32,
the subsequent taxes of 1899.  The granting clause re-
cites a consideration of $36.06, taxes, costs and inter-
est for the years 1895, 1896, 1897, 1898 and 1899.

It is contended that this deed is void upon its face
because (1) it does not appear that the assignee of the
certificate paid the amount necessary to redeem, (2) it
was assigned for an excessive amount, and (3) it does

not appear from the deed or by inference that the subsequent taxes were a lien upon the land. These objections are unfounded. A separate statement of the taxes for each year was unnecessary. Only a gross sum equal to the amount necessary to redeem at that time is to be given, and in the absence of recitals to the contrary it will be presumed that the amount stated was correct. (*Pierce v. Adams,* 77 Kan. 46, 93 Pac. 594; *Kennedy v. Scott,* 72 Kan. 359, 83 Pac. 971.)

The tax title being superior to the other titles pleaded, it is not necessary to consider the validity of the sheriff's deed as against the title claimed by C. B. Hahn.

The judgment rendered in favor of the plaintiff is reversed, and the cause remanded with directions to render judgment for defendant Tansel F. Hahn, as prayed for in her answer.