Colline v. Jolley.

---

SARAH C. COLLINE v. CHARLES W. JOLLEY.

No. 15,879.　(100 Pac. 477.)

1. TAX DEEDS—*Consideration for Assignment of Certificate.* A tax deed was void which showed that the certificate was assigned for thirty-nine cents less than the amount of the tax and charges for which the land had been sold, with interest to the date of the assignment.

2. ——— *Same.* It was said that taxes due and chargeable upon the book of tax sales before the date of the assignment of the certificate should have been included in the consideration for the assignment.

Error from Wallace district court; JACOB C. RUPPEN-THAL, judge. Opinion filed March 6, 1909. Affirmed.

*G. F. Gratton,* and *J. M. Gratton,* for plaintiff in error.

*Lee Monroe,* and *George A. Kline,* for defendant in error.

*Per Curiam:* The district court held that the tax deed in question was void upon its face, and gave judgment awarding the plaintiff possession and the defendant a lien for the taxes and interest.

The deed recited a sale to the county for $6.62 on September 3, 1895, and an assignment of the certificate on May 22, 1899, for $9.92, which is thirty-nine cents less than the amount of the tax and charges for which the land had been sold, with interest to the date of the assignment. The deed also recited that the subsequent taxes for 1895, 1896, and 1897, amounting to $38.20, had been paid by the purchaser. As these taxes were due and chargeable upon the book of tax sales before May 22, 1899, they should have been included in the consideration for the assignment. (*Pierce v. Adams,* 77 Kan. 46, 93 Pac. 594.) Treating this mistaken classification, however, as a mere irregularity, and adding the sum named to the consideration stated in the assignment, the amount is still thirty-nine cents less than it should be. The consideration for the deed, which is dated May 23, 1899, is stated in the granting clause to be $48.12. This sum is made up by adding the $38.20 for subsequent taxes to the $9.92 named in the assignment, which is thirty-nine cents less than the amount necessary to redeem. The deed is void. (*Wilkes v. De Hart,* 78 Kan. 217, 95 Pac. 836.)

The judgment is affirmed.