No. 27,879.

In re Disbarment of CLEMENT L. WILSON.

(280 Pac. 748.)

Opinion filed October 5, 1929.

*William A. Smith,* attorney-general, *W. F. Lilleston,* of Wichita, and *J. V. Humphrey,* of Junction City, for the complainant, the State Board of Law Examiners.

*Guy L. Hursh,* of Topeka, for the accused.

The opinion of the court was delivered by

HOPKINS, J.: This controversy involves consideration of an accusation by the state board of law examiners, in which the board seeks disbarment of Clement L. Wilson from the practice of law. Hon. Carl Van Riper, of Dodge City, was appointed commissioner to take testimony and make findings of fact and conclusions of law. After due hearing, the examination of a number of witnesses and the taking of considerable testimony, the commissioner returned findings of fact and conclusions of law against the accused.

The accusation contained three counts. Very little evidence was offered in support of the second count; none in support of the third, and findings were returned covering the first count only. Therein the commissioner found substantially that the accused was, at the time of the occurrences upon which the first count was based, residing at Tribune, Greeley county; was engaged in the practice of law and was also carrying on a real-estate business and an abstracting business, and was president and quite active in the management of the Kansas State Bank of Tribune; that the offices in which he carried on his law practice and his real-estate and abstract business were located adjacent to the banking rooms of the bank; that the accused entered into negotiation with the Hill Investment Company, of Arkansas City, concerning a quarter section of land in Greeley county; that a deed was procured from the Hill Investment Com-

pany purporting to convey title to the land in question, when as a matter of fact the Hill Investment Company had no title to the land; that the Hill Investment Company had previously claimed under a sheriff's deed which conveyed no title because of an extant tax deed which had been held to convey a superior title (*Hahn v. Hill*, 79 Kan. 693, 100 Pac. 484); that the accused carried on negotiations with the Hill Investment Company between October, 1925, and January 18, 1926; that the company advised him that it did not own the land, but on his solicitation consented to make its quitclaim deed therefor for $40; that in order to conceal his connection with the transaction the accused caused the deed to be made to another person, who was merely a dummy in the transaction; that thereafter the accused caused the dummy to make deed to Charles Beech and the latter to execute back, as of January 28, 1926, his promissory notes aggregating $900 and a trust deed on the land as security, and caused his dummy to transfer, without consideration, the notes and trust deed; that on February 24, 1926, accused negotiated these virtually bogus notes and trust deed to the Kansas State Bank of Tribune, of which he was president and managing officer, and received and appropriated to his own use the proceeds therefrom; that in these transactions the accused knew the investment company transmitted no title and his purpose was to utilize a bogus title for the purpose of wrongfully acquiring said sums of money and to conceal his connection therewith. The accused claims that the purchase of the quitclaim deed from the Hill Investment Company was consummated by A. P. Tone Wilson and George S. Babb without his knowledge and that he had no interest in any of the subsequent dealings or transactions, but the commissioner believes and therefore finds that he was the real party in interest in these transactions.

Other than as above recited we deem it neither necessary nor profitable to analyze the evidence or findings. We have given both full consideration and feel that the evidence fully sustains the findings, which are adopted and confirmed.

The commissioner recommends only a suspension of the accused for one year on the ground that his fraudulent acts were not performed by him in the capacity of attorney. It has been held that an attorney who commits fraudulent acts, even though not in his capacity as attorney, is subject to disbarment. (*In re Wilson*, 79 Kan. 674, 100 Pac. 635; Notes, 9 A. L. R. 189 *et seq.* and 43 A. L. R. 107 *et seq.; In re Macy*, 109 Kan. 1, 196 Pac. 1095.)

Under all the circumstances we conclude that the accused should no longer be permitted to practice law in this state, and he is therefore disbarred.

HUTCHISON, J., not sitting.