## Rufus E. Cable v. Kersey Coates, *as Assignee of the Mastin Bank.*

TAX DEED, *Prematurely Issued.* Where the date of a tax sale was September 4, 1878, and the redemption notice and list state the land must be redeemed on or before September 5, 1881, a tax deed issued on said September 5, and filed for record at 2 o'clock P. M. of the same day, is prematurely issued, and the owner of the land has the right to avoid the tax deed, as he has three years from the day of sale and any time before the execution of the deed, to redeem his land, and in computing the three years' time the day of sale is to be excluded. (*English v. Williamson*, 34 Kas. 212.)

*Error from Wyandotte District Court.*

ON January 29, 1884, *Kersey Coates*, as assignee of the Mastin Bank, brought his action against *Rufus E. Cable* to recover the immediate possession of a parcel of land situate in Wyandotte city, and containing one-sixth of an acre. The defendant filed an answer, setting up, among other things, a tax deed issued to him on September 5, 1881. Trial was had December 27, 1884, before the court, a jury being waived. The court took the case under advisement, and on January 29, 1885, made the following findings of fact:

"1st. The plaintiff is the owner, has a legal estate in, of and to the premises described and demanded in his petition, by and through divers conveyances from the government of

the United States of America down to himself as the assignee of the Mastin Bank, a banking corporation duly organized under the laws of the state of Missouri, and such assignment was made to plaintiff pursuant to the laws of said state.

"2d. No tender was made by plaintiff to defendant before the commencement of this action for taxes paid by defendant on the premises in controversy.

"3d. The defendant's sole claim of title to and right to possession of the demanded premises is predicated upon a tax deed issued to him for said premises by the county clerk of Wyandotte county, state of Kansas, bearing date September 5, 1881, which was recorded in the office of the register of deeds on the same day; and said deed is based upon a sale of said premises made on the 4th day of September, 1878, for the delinquent taxes for the year 1877, and the sale certificate upon which said tax deed is based is No. 627, and recites a sale of said premises as herein stated on the 4th day of September, 1878, and recites that a tax deed will be due thereon on the 4th day of September, 1881. Said deed is in the words and figures following, to. wit:

"'Know all men by these presents, that whereas, the following described real property, viz.: Beginning fifty-three poles east and thirty-eight poles south of northwest corner of the southwest quarter of the northeast quarter of section ten, town eleven, range twenty-five; thence south sixty feet; thence east to west line of Ferry street extended in the city of Wyandotte, fifty-nine feet; thence in a northeasterly direction to a point due east of beginning; thence west to beginning, and containing 24-100 acres, situated in the county of Wyandotte and state of Kansas, was subject to taxation for the year 1877; and whereas, the taxes assessed upon said real property for the year 1877 aforesaid remained due and unpaid at the date of the sale hereinafter mentioned; and whereas, the treasurer of said county did, on the 4th day of September, 1878, by virtue of authority in him vested by law, at an adjourned sale of the sale begun and publicly held on the first Tuesday of September, 1878, expose to public sale at the county seat of said county, in substantial conformity with all the requirements of the statute in such cases made and provided, the real property above described, for the payment of taxes, interest and costs then due and unpaid upon said property; and whereas, at the time and place aforesaid the real property above described could not be sold for the amount of said taxes, penalty and charges thereon, to any person or persons in any parcel or parcels, at said public sale or any adjournment sale thereof, the said lands above described were bid off by E. S. W. Drought, county treasurer of said Wyandotte county, state of Kansas, for the sum of twelve dollars and thirty-six cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said real property, for said county of Wyandotte, in said state of Kansas; and whereas, the subsequent taxes of the year 1878–1879 amounting to the sum of twenty-four dollars and forty-six cents, were duly charged up to said sale as provided by law; and whereas, D. R. Emmons, county clerk of Wyandotte county, state of Kansas, did, on the 22d day of February, 1881, in

consideration of the sum of fifty-one dollars and twenty-five cents, taxes, interest and costs due on said land for the years 1877, 1878, 1879, to William Albright, treasurer of said Wyandotte county, paid by Rufus E. Cable, of the county of Wyandotte and state of Kansas, duly assign the certificate of the sale of the property as aforesaid, and all the right, title and interest of said Wyandotte county to said property to said Rufus E. Cable; and whereas, the subsequent taxes of the year 1880, amounting to the sum of nine dollars and six cents, have been paid by the purchaser as provided by law; and whereas, three years have elapsed since the date of said sale, and the said property has not been redeemed therefrom as provided by law: now, therefore, I, D. R. Emmons, county clerk of the county aforesaid, for and in consideration of the sum of sixty dollars and thirty-one cents, taxes, costs and interest due on said lands for the years 1877, 1878, 1879, 1880, to the treasurer paid as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said Rufus E. Cable, his heirs and assigns, the real property last hereinbefore described, to have and to hold unto him, the said Rufus E. Cable, his heirs and assigns forever, subject, however, to all rights of redemption provided by law.

"'In witness whereof, I, D. R. Emmons, county clerk as aforesaid, by virtue of the authority aforesaid, have hereunto subscribed my name and affixed the official seal of said county, on this 5th day of September, 1881.

(Seal.)             D. R. EMMONS, *County Clerk.*

───────── } Witnesses.
─────────

"'STATE OF KANSAS, COUNTY OF WYANDOTTE, *ss.:* I hereby certify that before me, F. B. Anderson, a notary public in and for said county, personally appeared the above-named D. R. Emmons, clerk of said county, personally known to me to be the clerk of said county at the date of the execution of the above conveyance, and to be the identical person whose name is affixed to, and who executed the above conveyance as clerk of said county, and who acknowledged the execution of the same to be his voluntary act and deed as clerk of said county, for the purposes therein expressed.

"'Witness my hand and notarial seal, this 5th day of September, 1881. My commission expires February 9, 1884.

(Seal.)             F. B. ANDERSON, *Notary Public.*

Tax deed from Wyandotte county to Rufus E. Cable.

"'STATE OF KANSAS, WYANDOTTE COUNTY, *ss.:* This instrument was filed for record on the 5th day of September, 1881, at 2 o'clock P. M., and duly recorded in book 15, on pages 93, 94. Fee $1.25; paid.

J. S. CLARK, *Register of Deeds.*

"'I hereby certify that the within deed was entered for transfer on my transfer record this 5th day of September, 1881.

D. R. EMMONS, *County Clerk.*'

"4th. Defendant has paid all taxes assessed against said premises since the date of said tax deed, amounting in the aggregate to the sum of $157.57, including interest and penalty.

"5th. The notice and list of delinquent lands and town lots, including the premises in controversy, for sale in September, 1878, for the taxes of the year 1877, the said notice

13—36 KAS.

and list of delinquent lands and town lots, bear date July 25, 1878; and said list and notice were published the requisite length of time before the day of sale in a newspaper printed and of general circulation in Wyandotte county, Kansas, and the sole proof of such publication is the affidavit of the publisher of such newspaper attached to a copy of said newspaper containing said notice of sale and list now on file in the office of the county clerk of said county, and no affidavit or other proof of the publication of said notice of sale and list by the county treasurer of said county or any other person was made, nor were any such ever filed either in the county clerk's or treasurer's office, except that of the printer's, so attached, and referred to herein.

"6th. The redemption notice (and list) from such sale was published the requisite length of time in a newspaper printed, published and generally circulated in said county, which notice declares the last day of redemption to be September 5, 1881, from said sale for delinquent taxes so made on September 4, 1878.

"7th. Plaintiff, nor his grantors, nor any person in his or their behalf, ever made any effort to redeem said premises from such sale prior or subsequent to the execution and delivery of said tax deed to the defendant."

And thereon, the court made the following conclusions of law:

"The plaintiff is the owner and entitled to the immediate possession of the demanded premises against the defendant, and the defendant's said tax deed was and is void, and no title was communicated by said tax deed to the defendant to or for any portion of the premises in controversy, and defendant is entitled to recover of and from plaintiff all taxes paid on said premises as prescribed by law in such cases, aggregating the sum of $157.57, which is a lien on and against said premises until paid; and defendant is also entitled to recover of and from plaintiff the value of any and all lasting and valuable improvements made by him on said premises prior to the commencement of this action; and upon payment of said taxes, and upon payment of said improvements by the plaintiff to the defendant, the defendant shall forthwith surrender actual possession of the demanded premises unto the plaintiff, and the plaintiff shall recover his costs, in this behalf expended, of and from the defendant."

The defendant filed a motion for a new trial, which was

overruled, and judgment rendered in favor of the plaintiff that he have and recover of and from the defendant the possession of the real estate described in the petition; the defendant to recover the taxes, interest and penalties paid by him on the premises; and also the value of all lasting and valuable improvements made by him upon the land prior to the bringing of the action. The defendant excepted, and brings the case here.

*Hale & Miller*, for plaintiff in error.

*A. Smith Devenney*, for defendant in error; *H. L. Alden*, of counsel.

The opinion of the court was delivered by

HORTON, C. J.: The defendant below, (plaintiff in error,) claimed upon the trial the land in controversy, under a tax deed issued to him September 5, 1881. The date of the tax sale was September 4, 1878. The redemption notice and list, which were published, stated the land was to be redeemed on or before September 5, 1881.

It was decided in *English v. Williamson*, 34 Kas. 212, that where real estate has been sold for taxes, the owner has, under any circumstances, at least three years' time from the day of sale, and any time before the execution of the tax deed, within which to redeem his land from the taxes; and it was further decided that the day on which the land is sold must be excluded from the computation of the three years' time; therefore, plaintiff below, (defendant in error,) had all of September 5, 1881, within which to redeem his land. No moment of time can be said to be after a given day until that day has expired. But the tax deed in this case was issued on September 5, 1881, and filed for record at 2 o'clock P. M. of that day; the deed, therefore, was prematurely issued.

This action was commenced on January 29, 1884; so no question of limitation is involved. (Comp. Laws of 1879, ch. 107, § 141.) The tax deed, having been prematurely is-

sued, is clearly voidable, and was properly held by the trial court insufficient to vest in the grantee thereof an absolute estate in fee simple to the land therein described.

Before the plaintiff below can obtain possession he must pay the taxes, interest, and penalties — that is, redeem the land.

The judgment of the district court will be affirmed.

All the Justices concurring.