HANNAH PARKER *vs.* MARY BRANCH, impleaded, etc.

December 9, 1889.

**Taxes—Sufficiency of Notice to Redeem from Sale.**— A notice to redeem from a tax-sale, issued and served under the provisions of Gen. St. 1878, *c.* 11, § 121, in which it is stated "that the time for redemption from said sale will expire sixty days after service of this notice," is sufficient, the other requirements of said section being observed.

Appeal by defendant Branch from a judgment of the district court for St. Louis county, where the action was tried by *Mills,* J.

*James E. Markham,* for appellant.

*Ensign, Cash & Williams*, for respondent.

COLLINS, J.   Action to determine an adverse claim to real property, defendant appealing from a judgment.   Plaintiff's title depends wholly upon the regularity of one, at least, of divers tax proceedings and sales, the sufficiency of a certificate issued thereunder, the notice to redeem subsequently issued, and the validity of its service under the provisions of Gen. St. 1878, c. 11, § 121.   In the court below, (so we judge from the note attached to the findings,) and on the argument here, the principal questions discussed relate to the regularity of the proceedings on which three of the certificates were based; but as to another—the sale made in 1883—it was stipulated by the parties that all steps were regularly and properly taken up to and including the certificate of sale issued to O. P. Stearns, purchaser at the sale, and plaintiff's remote grantor.   As this concession leaves nothing for our determination as to the title (which it is claimed was obtained in this proceeding) but the validity of the redemption notice and the sufficiency of its service, and as plaintiff's title is established if these be regular and effectual, we can discover no reason, as we regard the case, for considering the proceedings in any of the sales prior to that of 1883.

Before the year 1880 the property in dispute was assessed to an unknown owner.   That year, and subsequently, it was assessed in the name of W. Hayman, although it is admitted that no person by that name ever owned it, and that no such or similar name ever appeared in the chain of title.   From the stipulation it appears that the sheriff of the county was unable to find W. Hayman, to whom the notice to redeem was directed, and in whose name the land was assessed, as before stated, and thereupon served the same upon one B. F. Smith, who, as the tenant of one Campbell, to whom Stearns had conveyed, was in actual occupancy and possession of the premises.   On this matter of the regularity of service this case is disposed of by *Western Land Ass'n* v. *McComber*, 41 Minn. 20, (42 N. W. Rep. 543,) and *Wakefield* v. *Day*, 41 Minn. 344, (43 N. W. Rep. 71;) and the service was sufficient.

But appellant contends that the notice itself was defective, because the exact day upon which the period of redemption would expire

was not stated, the information being solely "that the time for redemption from said sale will expire sixty days after service of this notice." The statute (section 121, *supra*) prescribes that, among other things, this notice shall specify "the time when the redemption period will expire," and further, that "the time for the redemption of such lands shall expire sixty days after the service of such notice." It requires the sheriff to serve and return within 20 days; that is, it gives him 20 days within which he shall perform his duty. If the person named in the notice cannot be found in the county, and there be an actual possessor of the premises, service must be made upon the person in possession, as was done in this case. If the person named cannot be found, and the premises are not in the actual possession of any person, the sheriff so certifies and returns, whereupon service is made by publishing the notice once in each week for three successive weeks in a newspaper, etc. To require the auditor who makes the notice, which must, of course, be complete when delivered for service, to state the precise day on which the period of redemption will actually expire under the statute, is to demand an impossibility. The auditor has no means of knowing when (within the 20 days) personal service will be made by the sheriff, nor can he be certain that it will be made at all. If he should fix a day, and service was actually made more than 60 days prior to that named, the statute would undoubtedly control, notwithstanding the act of the auditor, and the period of redemption expire, in fact, before the day specified. The notice would be misleading, mischievous, and almost uniformly false; while the impracticability of the procedure demanded is the more apparent when we consider the effect, should the auditor take into his calculation of time (as he would have to do without discrimination) the possibility that substituted service would have to be made in each case. That is certain which can be made certain, and the notice was sufficient. A summons in a civil action is not required to be, nor would it be possible to make it, more definite as to the time within which it must be answered than was this notice.

Judgment affirmed.