F. E. KENASTON vs. GREAT NORTHERN RAILWAY Co. et al.

Argued Oct. 22, 1894. Modified Nov. 5, 1894.

No. 9110.

**Statutes as to notice and time for redemption of land sold for taxes.**

Laws 1877, ch. 6, § 37, as amended by Laws 1889, ch. 198, provides that the notices of the expiration of redemption shall state "the time when the redemption period will expire," also, that the period of redemption shall not expire "until sixty days shall have elapsed after service of such notice and proof thereof has been filed."

**Owner has sixty days after proof of service of notice is filed.**

*Held,* that the time of redemption does not expire until sixty days after both service of the notice and filing proof of such service, and hence that a notice is insufficient which states that the time of redemption will expire sixty days "after service of the notice."

Appeal by defendant, the Great Northern Railway Company, from an order of the District Court of Wilkin County, *Calvin L. Brown,* J., made July 24, 1894, denying its motion for a new trial.

The plaintiff, F. E. Kenaston, commenced this action January 19, 1893, under 1878 G. S. ch. 75, § 2, to determine the adverse claim of the defendant to one hundred and twenty acres of unoccupied

land in the southeast quarter of Section 34, T. 133, R. 47, adjacent
to Breckenridge in Wilkin county.    The defendant answered claim-
ing title.    On the trial the plaintiff admitted that the Great North-
ern Railway Company owned the land unless he had acquired a
tax title to it in the proceedings to enforce payment of the taxes
on the land for the year 1885.

The proofs showed that the land was taxed to "Unknown," that a
tax judgment was recovered March 21, 1887, in the District Court of
Wilkin county against the land for this tax, and the land was of-
fered for sale thereunder May 7, 1887, and no one bidding therefor
the amount due on the judgment, the land was bid in for the state.
On February 15, 1890, the plaintiff paid to the state $124.70 the
amount due on the state certificate with interest and subsequent
taxes and took an assignment certificate dated that day.    On March
22, 1890, on plaintiff's request, the county auditor issued notice to
"Unknown" that the said land assessed in that name was sold as
above stated and that the time of redemption from the sale allowed
by law would expire sixty days after service of the notice.    This
notice was delivered on March 24, 1890, to the sheriff for service.
He made return that he visited the land March 28, 1890, but found
it vacant and unoccupied and was unable to find any owner or
claimant.    The notice with this return was on April 2, 1890, filed
with the county auditor.    The notice was then published in the
Wilkin County Gazette, a weekly newspaper published in that
county, three weeks, viz. May 2nd, 9th, and 16th, 1890, and proof
thereof was filed on August 2nd, 1890, with the auditor.    He on
August 5, 1890, issued to plaintiff his certificate that the time for
redemption had expired and that the property remained unredeemed
and that all subsequent taxes had been paid.

The court made findings embracing these facts and held the no-
tice sufficient and ordered that judgment be entered for plaintiff,
that he owns the land in fee simple and for costs.    Defendant
moved the court for a new trial, but was denied and it appeals.

*M. D. Grover*, and *S. L. Campbell*, for appellant.

The certificate of assignment shows that this land was purchased
by plaintiff February 15, 1890.    Consequently the notice must be
given in conformity to Laws 1889, ch. 198, instead of the act of

1877. Plaintiff introduced no evidence to show when proof of service of notice was filed. A notice which fails to state when the period of redemption will expire is invalid. *Wilson* v. *McKenna,* 52 Ill. 43.

The provision, of an act requiring notice of expiration of redemption, is peremptory and an omission to publish according to the statute is fatal to a tax title. *Westbrook* v. *Willey,* 47 N. Y. 457; *Bunner* v. *Eastman,* 50 Barb. 639.

The notice is defective in not stating correctly the time when the expiration of redemption would expire. Nor does it correctly give the amount required to redeem. In all cases, this amount is the sum of the taxes, interest and penalties, and all back taxes. 1878 G. S. ch. 11, § 90. A deviation from the amount due, however small, vitiates the sale. *Alexander* v. *Pitts,* 7 Cush. 503.

*Lyman B. Everdell,* for respondent.

The defendant claims that the notice does not state correctly the date of expiration of redemption, in that it does not add after the words, "after service of this notice," the further words, "and after filing of proof thereof." The statute of 1889 does not bear the construction claimed for it by counsel. As we understand this provision it is, that sixty days must have elapsed after the service, and that proof of the service must be filed, before the expiration of the full period of redemption expires. If the proof of service is filed within the sixty days after service, the full period will expire with the sixty days after service, but if not, then the period is further extended until the proof of service is filed. We claim that this is the true construction, because the other makes the sentence wholly ungrammatical, the word "after" doing duty with the noun "service" as a preposition, and at the same time as a conjunction with the clause, "proof thereof has been filed." Reading before this clause, not "after" but the conjunction "until" makes the sentence reasonable and grammatical.

The second point made by defendant, is the failure of the auditor to give the notice required by Laws 1885, ch. 194. This act was passed when it was supposed that Laws 1877, ch. 6, § 37, was repealed by Laws 1881, ch. 10, and was intended as a substitute for that act. Laws 1889, ch. 198, is a revision of the entire subject

matter of these acts and repeals them by implication. A notice under the law of 1885 would be ineffectual for any purpose. Until the notice required by the law of 1889 is given, the period of redemption does not expire, and a literal compliance with the provisions of the former act is impossible.

MITCHELL, J.    It was admitted on the trial that the defendant was the owner of the premises in controversy, unless its title has been divested by plaintiff's tax title.    The validity of the tax title depends upon the sufficiency of the notices of the expiration of the time of redemption.    The land was offered for sale in May, 1887, for the taxes of 1885, and, for want of purchasers, was bid in for the state. In February, 1890, the plaintiff took state assignment certificates, and in March of the same year caused to be issued and published the notices referred to.    Each of them stated that "the time of redemption from said sale allowed by law will expire sixty days after service of this notice."

The law governing the case was Laws 1877, ch. 6, § 37 (1878 G. S. ch. 11, § 121), as amended by Laws 1889, ch. 198, which undoubtedly repealed and superseded Laws 1885, ch. 194, which latter act was passed prior to the decision of *State* v. *Smith*, 35 Minn. 257, (28 N. W. 241,) and when it was supposed that the law of 1877 had been repealed by Laws 1881, ch. 10.

The act of 1889 provides that the notice shall state "the time when the redemption period will expire."    This requirement is mandatory. The act further provides, "Nor shall the full period of redemption expire until sixty (60) days shall have elapsed after the service of such notice and proof thereof has been filed."

The evident meaning of this is that the time of redemption does not expire until the expiration of sixty days after both service of the notice and the filing of proof of such service; in other words, that the sixty days does not commence to run until both have been done. This provision as to filing proof of service was undoubtedly intended both for the convenience of the auditor, and for the benefit of the redemptioner.    To hold, as contended by plaintiff, that the sixty days has reference only to the time of service of the notice, would render the provision for filing proof of service practically nugatory, for, by refraining to file such proof until the expiration of sixty days after the

service of the notice, the holder of the tax certificate could render such filing entirely useless.

The notices in this case would have been, prior to the amendment of 1889, sufficient, under the rule of *Parker* v. *Branch*, 42 Minn. 155, (43 N. W. 907.) But, as under the amendment as above construed, the time of redemption does not expire until the expiration of sixty days after the filing of proof of service of the notice, it follows that the notices in this case did not correctly state the time when the redemption period would expire. And, the requirement of the statute in that regard being mandatory, it further follows that these notices were ineffectual, and therefore the land is still subject to redemption by defendant. This renders it unnecessary to consider the other exceptions taken to the sufficiency of the notices.

Cause remanded, with directions to the trial court to modify its conclusions of law, and order for judgment in accordance with this opinion.

GILFILLAN, C. J., took no part.

(Opinion published 60 N. W. 813.)