GEORGE H. CROSBY *vs.* ALBERT E. HUMPHREYS.

Submitted on briefs Oct. 24, 1894. Affirmed Nov. 12, 1894.

No. 8928.

**Punitive damages in a suit for assault and battery.**

Where the parties had business transactions with each other, and the plaintiff accused the defendant of beating people and declared he should not beat him, or accused him of swindling people and declared he should not rob him: (1) *Held*, whichever language was used, it did not justify an assault and battery then committed by defendant upon plaintiff, though it may be evidence in mitigation; and in an action for damages therefor it was not error for the court to charge the jury that plaintiff was entitled to recover at least nominal damages. (2) *Held*, further, though the insulting language thus used induced the assault and battery, if the same was followed up by kicking the plaintiff several times, and jumping on him, after he had been knocked down and was lying on the floor, there was sufficient evidence to justify the jury, in its discretion, in awarding punitive damages.

Appeal by defendant, Albert E. Humphreys, from an order of the District Court of St. Louis County, *Chas. L. Lewis*, J., made September 13, 1893, denying his motion for a new trial.

Defendant was a dealer in iron-ore lands and in mining stocks at No. 606 Lyceum Building, Duluth. The plaintiff, George H. Crosby, went to his office March 18, 1893, to talk with him regarding some leases of iron-ore lands in which he claimed an interest with Humphrey. They disagreed and an altercation ensued and plaintiff was assailed and injured as stated in the opinion. He brought this action to recover damages and had a verdict for $750. Defendant moved for a new trial. Being denied he appeals.

*Cash, Williams & Chester,* for appellant.

The aim of the law is to have some reasonable standard to measure the damages sustained in all cases where damages are recoverable. The rule allowing punitive damages had its origin among our Saxon ancestors at a time so early that the line between public and private wrongs was not clearly defined, at a time when treason and kindred offenses against the realm were alone deemed strictly public crimes. Offenses of a less heinous character were considered more in the nature of private wrongs to be dealt with by the parties injured. Crimes against the person, even murder itself, was a matter of private barter between the family of the offender and the family of the offended. In this manner the rule allowing punitive damages became firmly established in our jurisprudence, and so continues in many jurisdictions, notwithstanding that the reason therefor has long since disappeared. In some states the rule has been repudiated. Massachusetts, New Hampshire and Nevada are among them. *Barnard* v. *Poor,* 21 Pick. 378; *Fay* v. *Parker,* 53 N. H. 342; *Quigley* v. *Central &c. R. Co.,* 11 Nev. 350.

Other courts recognize the inconsistency of the rule and regret its continuance, but hold that it is now too late to change it except by legislative enactment. *Brown* v. *Swineford,* 44 Wis. 282; *Boetcher* v. *Staples,* 27 Minn. 308.

We suggest these considerations with the view of asking the court to hold that the rule allowing exemplary damages should not be applied except in cases which come clearly within it.

To justify exemplary damages there must be fraud, malice or oppression on the part of the defendant in the commission of the tort complained of. Mere wrong doing will not justify them, but

the wrong done must be actuated by evil motive. *Lynd v. Pickett,* 7 Minn. 184; *Berthold v. Fox,* 13 Minn. 501; *Seeman v. Feeney,* 19 Minn. 79; *McCarthy v. Niskern,* 22 Minn. 90; *Boetcher v. Staples,* 27 Minn. 308; *Craig v. Cook,* 28 Minn. 232; *Carli v. Union Depot St. Ry. & T. Co.,* 32 Minn. 101; *Woodward v. Glidden,* 33 Minn. 108; *Michaelis v. Michaelis,* 43 Minn. 123; *Hoffman v. Northern Pac. R. Co.,* 45 Minn. 53; *Pine v. St. Paul City Ry. Co.,* 50 Minn. 144; *Cronfeldt v. Arrol,* 50 Minn. 327; *McLean v. Chicago, St. P. M. & O. Ry. Co.,* 50 Minn. 485.

Under these cases to justify exemplary damages the wrong must be committed maliciously, wilfully and wantonly. As examples of decisions to the same effect in other states, we cite: *Voltz v. Blackmar,* 64 N. Y. 440; *Elliott v. Herz,* 29 Mich. 202; *Welch v. Ware,* 32 Mich. 77; *Dibble v. Morris,* 26 Conn. 416; *Prentiss v. Shaw,* 56 Me. 427; *Morely v. Dunbar,* 24 Wis. 183; *Wilson v. Young,* 31 Wis. 574.

There is no doubt under the evidence that this assault was committed under the provocation caused by plaintiff's words. He used language toward the defendant which was calculated to incite the defendant to passion. The assault was not the result of malice or of anything other than of the provocation above mentioned. Therefore, all that part of the charge referring to exemplary damages was error. *Robison v. Rupert,* 23 Pa. St. 523.

*C. O. Baldwin,* for respondent.

Plaintiff admits that some states have refused to allow exemplary damages under any circumstances, but we are controlled by the decisions on that question in our own state, that exemplary damages may be allowed under certain circumstances. *McLean v. Chicago, St. P., M. & O. Ry. Co.,* 50 Minn. 485; *Boetcher v. Staples,* 27 Minn. 308.

Punitive or exemplary damages can only be allowed when the injury is accompanied by fraud, malice, oppression, a wilful intent to injure, or circumstances of aggravation on the part of the wrongdoer. There were such circumstances in this case. Under the evidence it was a question of fact for the jury to determine whether the circumstances of this particular case justified exemplary damages.

The object of exemplary damages is to punish the wrongdoer and to restrain him in the future. The jury could well conclude that punitive damages should be assessed in this case, for the defendant stated that he expected to do the same thing again under similar circumstances. He also said he had done it before. It was necessary to restrain him, and the law provides for the assessment of punitive damages for that purpose. These circumstances together with defendant's bold manner before the jury were all proper for their consideration on the question of exemplary damages.

CANTY, J. This is an action for damages for assault and battery. The jury awarded plaintiff a verdict for $750, and, from an order denying defendant's motion for a new trial, he appeals.

Both parties reside in Duluth, and had, for more than a year prior to the assault, been connected with each other in some business transactions. On the morning in question, plaintiff went to the office of defendant in relation to a business matter, and after some discussion concerning the same, according to plaintiff's testimony, he said to defendant: "Mr. Humphreys, you have beaten a great many people here in Duluth, but I don't propose to have you beat me this way." According to defendant's testimony, plaintiff said: "You have been skinning and swindling people in this town for a year, but you are not going to rob me." Plaintiff denies that he said this, but admits that the impression he wanted to convey was that defendant had been cheating people. Plaintiff was sitting down, leaning back in his chair, and testifies that defendant then struck him with his fist, knocked him and the chair over backward, then struck him and kicked him four or five times, when another person came into the office, and seized and held defendant.

There is not much conflict in the testimony as to the assault. Defendant testifies: "On the spur of the moment, I struck him with both hands, and he dodged and fell, and I slapped him as soon as I got to the chair, and I proceeded to kick him. He had his legs in the air, lying on his back, and I tried to shove his legs over; in fact, I kicked one of his legs, trying to pull him over to get at him, and I couldn't; and I kicked him, I think, five or six times. My secretary came in, and pulled me away."

1. It is contended by appellant that the trial court erred in char-

ging the jury that they must return a verdict for plaintiff for at least nominal damages. We are not of that opinion. While the language of plaintiff, whether it was as stated by one witness or the other, was insulting, and it was proper for the jury to consider it in mitigation of damages, as charged by the trial court, it did not justify the assault, and is not a complete defense.

2. The court charged the jury, in substance, that it was for them to determine whether the assault was malicious or premeditated, or whether the language used by plaintiff threw defendant suddenly into a heat of passion, and whether he committed the assault on the impulse of the moment, without premeditation; and that, if it was malicious, they would be at liberty, if they saw fit, to award punitive damages.

Appellant contends that there was no evidence in the case which will sustain an award of punitive damages. We are of the opinion that if the defendant had gone no further than to slap the plaintiff, or knock him down, on the impulse of the moment, and under the circumstances, the jury would have no right to ward punitive damages. There would then be no evidence to show malice of the character necessary to support an award of punitive damages. It sufficiently appears that the insulting language used by plaintiff towards defendant induced the assault, and, up to that point, malice of this character did not appear. But the defendant did go further, and, while the plaintiff was prostrate and helpless on the floor, kicked him several times, and, according to plaintiff's testimony, struck him also. It is also in evidence that there were seven contused lumps on plaintiff's side, back, and hip, and that some of the same were black and blue for thirty days thereafter. It also appears from the evidence that defendant was thirty three years of age, and weighed 215 pounds, while the plaintiff weighed only 155 pounds.

We are of the opinion that the evidence was sufficient to justify the jury in awarding, in their discretion, punitive damages. This disposes of the case, and the order appealed from should be affirmed. So ordered.

GILFILLAN, C. J., took no part.

(Opinion published 60 N. W. 843.)