GEORGE M. FISH, Jr. *vs.* CHARLES C. DUNN.

Submitted on briefs Oct. 15, 1894. Affirmed Nov. 12, 1894.

No. 8665.

**Promise to pay for use of a driveway, valid.**

Each of two parties owned an adjoining lot. There was a driveway and shed one-half on each lot. The parties agreed to use them in common, but one party prevented the other from using the same, used them exclusively himself, and promised to pay the other for such use. *Held*, an action will lie on such promise.

Appeal by defendant, Charles C. Dunn, from an order of the District Court of Hennepin County, *Seagrave Smith*, J., made November 18, 1893, overruling his demurrer to the complaint.

George M. Fish, Senior, owned and occupied No. 2622 Nicollet Avenue, Minneapolis, and defendant owned and occupied the adjacent lot on the north. On the line between the lots was a shed and driveway to it from the street. A half was on each lot and the shed and driveway were used by the owners in common. On July 1, 1887, defendant took exclusive possession of the shed and driveway and excluded George M. Fish, Senior, therefrom until October, 1890. Being requested to remove his effects from Fish's half he promised to pay for the use thereof. The use and occupation were reasonably worth two dollars per month. He has not paid any part thereof and George M. Fish, Senior, afterwards assigned the claim to plaintiff his son. The complaint stated these facts and prayed judgment for $72, interest and costs. Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and he appeals.

*Geo. B. Spencer,* for appellant.

The complaint does not state facts sufficient to constitute a cause of action, because the defendant and plaintiff's assignor were tenants in common, and actions between tenants in common for use and occupation will not lie. *Kean* v. *Connelly,* 25 Minn. 222; *Peabody* v. *Minot,* 24 Pick. 329; *Coleman* v. *Clements,* 23 Cal. 245; *Thornton* v. *York Bank,* 45 Me. 158; *Clymer's Lessee* v. *Dawkins,* 3 How. 674; *Wood* v. *Phillips,* 43 N. Y. 152.

One tenant in common cannot recover in assumpsit against his cotenant without an express agreement to pay rent. *Kline* v. *Jacobs,* 68 Pa. St. 57; *Crow* v. *Mark,* 52 Ill. 332; *Israel* v. *Israel,* 30 Md. 120.

*Robert R. Odell,* for respondent.

Appellant's whole argument is based on the assumption that George M. Fish, Senior, and defendant were tenants in common. The relationship does not exist in this case, nor does the complaint so allege.

A complaint which alleges a trespass upon real estate and that the plaintiff was thereby deprived of the use of the property and that such use was reasonably worth a certain sum is sufficient, although it does not in terms allege that plaintiff was damaged. *Weaver* v. *Mississippi & R. R. B. Co.,* 28 Minn. 542; *Williams* v. *McGrade,* 18 Minn. 82.

CANTY, J. This is an appeal from an order overruling a demurrer to the complaint. The question presented is whether or not the complaint states a cause of action. It alleges that defendant and George M. Fish, Senior, plaintiff's assignor are, and during all the time here involved were, each the owner and in possession of a city lot; that the lots are adjoining; that they "owned, and were to occupy jointly and in common, a certain shed and driveway, half on premises" of each. "The defendant occupied the whole of said shed and driveway from July 1, 1887, until October, 1890, including the half which belonged to said George M. Fish, Senior, the assignor, amounting in all to thirty-six months.

Plaintiff further alleges that, during all of said time, defendant occupied the whole of said shed and driveway, the said George M. Fish, Senior, was unable to use the same, and was prevented by defendant from using said shed and driveway belonging to him, and that said defendant, being requested to remove his effects from said Fish's half, promised and agreed to pay for the use thereof. That the use and occupation of said half belonging to said Fish, and so occupied by said defendant, was reasonably worth the sum of two dollars per month, amounting to the sum of $72."

It is then alleged that said George M. Fish, Senior, assigned this claim to plaintiff, George M. Fish, Jr. Defendant contends that the parties were tenants in common of the shed and driveway, and, on the authority of *Kean* v. *Connelly*, 25 Minn. 222, urges that plaintiff cannot recover. That case holds that, in the absence of any agreement, one tenant in common is not liable for occupying the premises exclusively, using them in the ordinary way, and appropriating the products directly to his own use, if he does not prevent his cotenant from enjoying the common property. Even if we should hold this to be a case of tenants in common, it would not come within the rule of that case. According to the allegations of the complaint in this case, there is *not* an absence of agreement as to the use of the premises, and defendant *has* prevented the owner of the adjoining lot from enjoying the property.

While the complaint is not a model of pleading, it sufficiently alleges that the parties entered into an agreement, not for the joint use of their common property, but for the joint use of a part of the individual property of each; that defendant violated this agreement, and took exclusive possession, not only of his own part, but also of the other part of the property, and prevented plaintiff's assignor from using any of it, and at the same time agreed to pay for this use. Whether he so agreed before, during, or after the time he so used the property, there was a sufficient consideration for his promise to pay for that use, and the complaint states a cause of action.

The order appealed from should be affirmed. So ordered.

(Opinion published 60 N. W. 843)