PETER A. PETERSON v. P. P. MAST & COMPANY.[1]

May 13, 1895.

Nos. 9245—(99).

**Tax Sale—Redemption Notice.**

A notice of the expiration of redemption from a tax sale, under the provisions of G. S. 1894, § 1654, served July 12, 1888, which stated that the time for redemption would expire "on the 9th day of September, 1888, or within sixty days after the service of this notice," *held* insufficient.

Appeal by plaintiff from an order of the district court for Lac Qui Parle county, Powers, J., denying a motion for a new trial. Affirmed.

*H. L. Hayden,* for appellant.

*Frank Palmer,* for respondent.

[1] Reported in 63 N. W. 168.

START, C. J. The subject-matter of this action is certain real estate, which the plaintiff is in the possession of and claims to own by virtue of an alleged tax title thereto. The defendant claims a lien on the land by virtue of a mortgage adverse to the plaintiff's title, and this action was brought to determine such adverse lien. The trial court found that the plaintiff was not the owner of the land, and that the lien thereon claimed by the defendant was valid. From an order denying his motion for a new trial the plaintiff appealed. The tax sale under which the plaintiff claims title was made May 3, 1886. The only notice of the expiration of the time for redemption from the sale ever issued, given, or served was one dated July 11, 1888, and served on July 12, 1888, in which it was stated "that the time of redemption from said sale allowed by law will expire on the 9th day of September, 1888, or within sixty days after the service of this notice." The only question presented by the record is the sufficiency of this notice. The question must be determined by the provisions of G. S. 1894, § 1654, which require the notice to specify the time when the redemption will expire, and provide that the time shall be 60 days after the service of such notice. This statute is mandatory, and must be followed with reasonable exactness. Kenaston v. Great Northern R. Co., 59 Minn. 35, 60 N. W. 813. If this notice had simply stated that the time for redemption would expire 60 days after the service of the notice, it would have been valid. Parker v. Branch, 42 Minn. 155, 43 N. W. 907. But such is not this case, for the notice fixes in the alternative two different dates at which the time for redemption will expire, and furnishes no data for determining the true date. It declares that the redemption will expire on September 9, or within 60 days after the service of the notice; that is, it says the time to redeem will expire either on September 9, or it will expire within 60 days after service of the notice. Which? Who can tell? If September 9, it is not 60 days after the service. If within 60 days after service, how many days within? The statute fixes the time at 60 days after service, not within 60 days. The notice was clearly insufficient, in that it fixed no definite time when the redemption would expire.

Order affirmed.