ORRIN KIPP v. JAMES L. FITCH and Others.

June 16, 1898.

Nos. 11,059—(146).

**Tax Judgment—Notice Published with Delinquent List—G. S. 1894, § 1580—March 20, 21—Sunday—Computation of Time.**

A tax judgment was rendered under G. S. 1894, § 1580, which was in all respects regular, except that the notice to be given to persons having interest in or lien upon the land against which the judgment was rendered required the defendant to file an answer in the office of the clerk of the district court on or before March 21, 1892, instead of March 20, as provided by said section, the latter day being Sunday. *Held*, under the rule that, where the last day within which an act to be done falls on Sunday, it shall be excluded from the computation of the time, the notice was sufficient and valid.

**Same—Notice of Expiration of Redemption—Sufficiency under G. S. 1894, § 1659—Wrong Date of Tax Sale.**

A notice to redeem from a tax sale issued and served under the provisions of G. S. 1894, § 1659, stating, "that the time of redemption from said sale allowed by law will expire sixty (60) days after service of this notice and proof thereof has been filed in my office," and that, "in addition to the amount above stated as necessary to redeem from said sale, the cost of service of this notice must be paid, together with such interest as may accrue from and after this date," and signed by the county auditor, is sufficient if the other requirements of the statute are complied with; but *held*, that where such notice is dated May 3, 1895, and states that the tax sale of the land from which such redemption is required to be made was May 31, 1893, the notice is invalid, as no such notice can be lawfully given until after three years from the date of such tax sale. Such notice is void on its face.

Appeal by plaintiff from a judgment of the district court for Chisago county, in favor of defendant Fitch, entered in pursuance of the findings and order of Crosby, J. Modified.

*S. & O. Kipp*, for appellant.

The notice of expiration of redemption was invalid. Where the notice sets forth the matters required by statute but misstates the day and year of the sale or any other material fact and the misstatements are so interwoven into the notice as to contradict its stat-

73 M.—5

utory requirements, and the notice is thereby rendered misleading, the defect is fatal to the validity of the tax deed. Black, Tax Titles, § 332; Long v. Wolf, 25 Kan. 522. The notice must identify the tax sale from which redemption is to be made. The landowner would search through the auditor's and the clerk's records in vain to find a tax sale made May 31, 1893. Eide v. Clarke, 57 Minn. 397. This notice does not state any definite time when the redemption period will expire. The uncertainty is fatal to the notice. The notice must be definite and certain. Kenaston v. Great Northern Ry. Co., 59 Minn. 35; State v. Halden, 62 Minn. 246. The notice attached to the published delinquent list did not comply with the statute. The publication operates as constructive service of the notice and list upon the party whose property is to be affected by the proceeding, and, to be effectual for any purpose, the mode of making it pointed out by statute must be strictly complied with. Eastman v. Linn, 26 Minn. 215; Merriman v. Knight, 43 Minn. 493; Bonham v. Weymouth, 39 Minn. 92. Publication of the list and notice as required by statute is jurisdictional. Russell v. Gilson, 36 Minn. 366; Chauncey v. Wass, 35 Minn. 1, 31; G. S. 1894, § 1582; Board of Co. Commrs. v. Smith, 25 Minn. 131.

The rule laid down in Kipp v. Dawson, 31 Minn. 373, and in the dissenting opinion in Finnegan v. Gronerud, 63 Minn. 53, ought not to be applied to the construction of a statute requiring a notice of expiration of time to redeem, or to a statute only by the compliance with which the court can obtain its limited and special jurisdiction of the subject-matter or the party. Statutes requiring redemption notice or providing for a special jurisdiction are always mandatory.

*P. H. Stolberg,* for respondent Fitch.

BUCK, J.

The appeal in this case is from that part of the judgment which adjudges that the tax title held by the defendant Fitch is valid, and that he is the owner of certain 80 acres of land, part of that described in the complaint. The complaint is made under G. S. 1894, § 5821, to set aside the adverse claim of the defendants to the land in question, arising from a tax judgment, tax certificate, and tax deed.

Upon the trial, the parties admitted ·

That the notice of the clerk of the court, attached to the published delinquent list upon which the tax judgment described in the last named tax certificate was entered, was in all respects in the form prescribed by statute, "except that it required an answer to said delinquent list to be filed 'on or before the 21st day of March, 1892,' instead of 'on or before the 20th day of March, 1892,' and that the said tax judgment was entered on the 21st day of March, 1892, as stated in said tax certificate."

Under G. S. 1894, § 1579, the filing by the county auditor of the delinquent tax list with the clerk of the district court has the force and effect of filing a complaint in an action by the county against each piece of land therein described, to enforce payment of the taxes and penalties therein appearing against it, and shall be deemed the institution of such action, and shall operate as notice of the pendency of such action; but by section 1580 of said statute the clerk is required within 15 days thereafter to make and deliver to the county auditor a copy of the list so filed, and attach a notice thereto, which notice may be substantially in the form prescribed by said section. This notice is directed to the party having any claim or interest in the land described in the list, and informing him where the list has been filed, and also contains this clause:

"Therefore you, and each of you, are hereby required to file in the office of said clerk, on or before the twentieth day of March, 18—, your answer in writing, setting forth any objection or defense you may have to the taxes, or any part thereof, upon any piece or parcel of land described in said list, in, to or on which you have or claim any estate, right, title, interest, claim or lien, and in default thereof judgment will be entered against such piece or parcel of land for the taxes on said list appearing against it, and for all penalties, interest and costs."

The appellant challenges the sufficiency of the notice, inasmuch as it required an answer to the list to be filed on or before the 21st day of March, instead of the 20th day of March, 1892. The answer to this, which we think is a valid one, is that the 20th day of March, 1892, was Sunday.

"The time within which an act is to be done shall be computed by excluding the first day and including the last. If the last day is Sunday, it shall be excluded." G. S. 1894, § 5222.

The substantial and legal effect of the notice was precisely the same as though it had read March 20, instead of March 21, 1892. The latter day was the last one in which the landowner had to file his answer, and on that day he had a right to file it whether the notice so stated or not. This right existed by operation of law. If the notice had fixed the time as March 20, 1892, it being the last day, it would have been excluded from the computation of time, and the landowner would have had the precise time in which to answer that he had under the notice actually given. Neither the rights of the state nor those of the landowner were in the slightest degree affected by the date fixed in the notice as March 21, 1892. The answer was to be filed with the clerk, a public officer, whose office is not lawfully open for the transaction of public business on Sunday, and the landowner could not have filed his answer there on that day if he wished to do so. The notice was not only a substantial, but a lawful, one, and in all respects sufficient and valid.

But the notice when the time for redemption would expire was insufficient and invalid. Any person having an interest in land sold to a purchaser at a tax sale or bid in by the state, and purchased by a private party, may redeem at any time within three years from the date of the sale. This time commences to run from the date of the sale to the purchaser; or when it is bid in by the state, and it assigns and conveys its right, title and interest acquired by virtue of said bid, the time for redemption begins to run from the time when the land was so bid. But the title to lands so sold, bid in and assigned does not vest in the purchaser, and the time for redemption expire, until the purchaser shall give notice thereof, as contemplated by G. S. 1894, §§ 1654, 1659. The person or corporation holding such tax certificates may present them to the county auditor after the expiration of the three years from the time of sale; and thereupon the county auditor prepares, under his hand and official seal, a separate notice to each person having any right, title or interest in or to said real property, addressed to the proper person, and containing a description of the property, the amount for which the same was sold, the amount required to redeem from such sale, and the time when the redemption period will expire, and delivers the same to the party applying therefor, who shall de-

liver the same to the sheriff of the proper county for service. The time for the redemption of any land or real property in this state from any such sale for taxes shall not expire, as to any person or corporation concerned, until 60 days after the service and mailing of all the notices and copies thereof as required by law, nor until the 60 days after the filing of the proofs thereof in the office of the proper county auditor. G. S. 1894, § 1659.

The notice in this case stated that the time of redemption from said sale allowed by law would expire 60 days after service of the notice and proof thereof had been filed in the county auditor's office. In this respect, as to the time when the period for redemption would expire, this notice was sufficient. Parker v. Branch, 42 Minn. 155, 43 N. W. 907. But the vice in the notice is this: It states the date of the tax sale as May 31, 1893, while the notice is dated May 3, 1895. This might be very misleading, especially to one interested in the land, and not a resident of the county where it is situated.

"Where the notice sets forth the matters required by statute, but mistakes the day and year of the sale, or any other material fact, and the misstatements are so interwoven into the notice as to contradict its statutory requirements, and the notice is thereby rendered misleading, the defect is fatal to the validity of the tax deed." Black, Tax Titles, § 332; Long v. Wolf, 25 Kan. 522.

This notice came from a county official, a sworn officer, and was served by the sheriff; and the landowner may well be deceived or misled by such a statement, and injured thereby, and we think it ineffectual for the purpose intended.

Thus, our conclusion is that the tax judgment was valid, but the notice of the expiration of the time for redemption invalid. The case is remanded, with instruction to the trial court to amend its conclusions of law and judgment in accordance with this opinion.