### FLICKINGER v. CORNWELL et al.

Under Sess. Laws 1901, p. 58, c. 51, § 15, providing that the holder of a certificate for land sold under a tax judgment may give notice of the maturity of the certificate by publication for three weeks, the last publication to be made at least 90 days preceding the maturity of the certificate, the publication of a notice that a certificate will become absolute unless redeemed before a designated date is insufficient, where the last publication is less than 90 days before that date, and no title vests in the holder of the certificate.

The bar of Sess. Laws 1901, p. 60, c. 51, § 18, providing that the validity of any sale shall not be called in question unless the action therefore shall be brought within two years "from the date of the sale," and a sale "shall be deemed completed * * * when the certificate thereof has been issued by the treasurer," applies to the sale and proceedings prior thereto, and not to subsequent proceedings, under the control of the tax purchaser.

The limitation in the general revenue law fixing the time within which an action shall be commenced to recover land sold for non-payment of taxes or to avoid the tax deed applies only to deeds recorded under that law, and is inapplicable to proceedings under Sess. Laws 1901, p. 51, c. 51, which is a special act limited by its terms to 1901, and the provisions of which are distinct from those of the general revenue law.

(Opinion filed, October 16, 1908.)

Appeal from Circuit Court, Faulk County. Hon. LORING E. GAFFY, Judge.

Action by Lewis D. Flickinger against I. A. Cornwell and another. From a judgment for defendants, plaintiff appeals. Reversed.

W. F. Corrigan and J. H. Bottum, for appellant.

Where property is affected or the title is to be divested by the requirement of a special statute the requirements of the act must be strictly followed. The performance of these acts is the condition on which the property is to be diverted. And it is not for the court to inquire whether the provisions of the statute are reasonable or whether the compliance of them may not be dispensed with without injury to the owner of the estate, but whether they have been made. If so they must be literally pursued. Blackwell on tax titles, par. 470; Culver v. Haydon, 1 Vt. 359. One claiming to have acquired title to the property of another under statutory proceedings must show that every material provision designed for the security and protection of the owners has been satisfactorily complied with. Crueger v. Daugherty, 43 N. Y. 107; 2 Blackwell on tax titles, 1230; Sibley v. Smith, 2 Mich. 486. Section 16 of Chapter 51, Sess. Laws 1901, provides that any person wishing to redeem may do so at any time within one year from the date of the sale, and Sec. 15 provides that the last publication must be at least 90 days prior to the expiration and maturity of the certificate. Under this certificate, the proceedings are invalid if notice is not published at least 90 days prior to the expiration of one year from date of sale. Doughty v. Hope, 1 N. Y. 79; 3 Denio, 598; Westbrook v. Wiley, 47 N. Y. 457; Zaradnicek v. Selby, 19 N. W. 645; State v. Gayhart, 51 N. W. 746; Hendricks v. Boggs, 20 N. W. 28; Lammers v. Comstock, 30 N. W. 251; In Re-Petition of George Douglas, 46 N. Y. 742; Matthews v. Nefsy, 81 Pac. 305. This provision is immediately followed by the further provision that the sale shall be deemed completed when the certificate has been issued. Since the limitation only applies to the validity of the sale, and the sale is complete when the certificate is issued, the giving of the notice one year after the issuance of the certificate is not a part of the sale, and the question of the sufficiency of the notice is not affected by this limitation. This limitation only applies to defects in the proceedings which occur prior to the issuance of the certificate.

The statute of limitations, therefore has no application in this case. State Finance Co. v. Beck, 109 N. W. 357.

*Frank Turner*, for respondent.

Under section 15, chapter 51, Session Laws 1901. The fee title passes when the notice is given and proof thereof filed. Darling v. Purcell, 100 N. W. 726; Cruser v. Williams, 100 N. W. 721. A sale shall be deemed completed within the provisions of this act when the certificate thereof has been issued by the treasurer. Sec. 18, chap. 51, Sess. Laws 1901. The evident purpose of this clause was to broaden and extend the meaning of the word "sale," and to give to it a meaning and significance which, but for this sentence, it would not have had. It follows that the purpose of the clause under discussion was not to fix the time or date of the commencement of the period of limitation, but to declare that the whole proceeding should, for the purposes of the limitation clause, be deemed completed as of the date of sale. Unless it is given this meaning, it is absolutely meaningless. One of the cardinal rules of statutory construction is to give effect, if possible, to all the language of the act or section to be construed. Grigsby v. Minnehaha County, 6 S. D. 492. Where one construction leaves a portion of the statute meaningless and nugatory, and another construction gives a whole entire statute an intelligent meaning, the latter will be adopted. Western Travelers Acc. Assn. v. Taylor, 87 N. W. 950.

CORSON, J. This action was instituted by the plaintiff to quiet his title to a quarter section of land in Faulk county. The complaint is in the usual form, alleging that the plaintiff is the owner in fee of the property, that the defendants wrongfully claim an interest therein, and prays that his title may be quieted. The defendants in their answer deny that plaintiff is the owner in fee of the property in controversy, and allege that they are the owners of the same (1) by virtue of a tax deed issued by the county treasurer of Faulk county under the provisions of the general revenue law for taxes delinquent for the year 1903: (2) under and by virtue of a tax sale certificate issued by the county treasurer of Faulk county on the 6th day of November, 1901, under and by

virtue of chapter 51, p. 51, Laws 1901, and duly recorded. They also pleaded the three-year statute of limitations provided in the general revenue law and the two-year statute of limitations contained in said chapter 51 of the Session Laws of 1901 in bar of the action. The plaintiff in his reply alleged that the tax deed, for reasons therein specified, issued under the general revenue law, was void upon its face; that the notice of redemption provided for in the law of 1901 was insufficient to vest any title in the defendant, for the reason that the last publication of the notice of the time when the redemption would expire was published less than 90 days prior to the maturity of said certificate, as specified in the redemption notice, and was therefore void. Findings and judgment being in favor of the defendant, the plaintiff has appealed.

The trial court having held the deed under the general revenue law void upon its face, it will not be necessary to further consider it in this opinion.

It will be seen that only three questions are presented for the consideration of this court on this appeal: (1) Was the publication of the notice by the defendant I. A. Cornwell that the certificate issued by the county treasurer would become absolute unless redeemed as designated in the notice of redemption a sufficient compliance with the law to vest the fee-simple title in him? (2) Was the action barred by the two-year statute of limitations provided for in the act of 1901? (3) Was the action barred by the three-year statute of limitations in the general revenue law?

It is found by the court that an action under the act of 1901 was duly commenced; that proceedings were had thereunder resulting in a judgment in favor of the county; that a sale was duly made under the judgment, the property bid in by the defendant I. A. Cornwell, and a tax sale judgment certificate issued to him as provided in said act; that the treasurer's said tax sale certificate was issued November 6, 1901, and recorded on the 7th day of November, 1902; that the said defendant I. A. Cornwell caused to be published the following notice: "Notice is hereby given that the tax certificate No. 15 held by the undersigned to the following described real estate: Northwest quarter of section 10, township 120,

range 67, will become absolute unless redeemed before the 6th day of November, 1902. Dated July 15th, 1902. I. A. Cornwell, Owner of Certificate." This notice was published on August 1, August 8, and August 14, 1902. The court concludes as matter of law that this action not having been commenced within two years after the maturity and recording of the treasurer's certificate on the tax judgment sale, this action is barred by the statute of limitations, and that the defendant Cornwell is entitled to a judgment quieting his title to the premises.

It is contended by the appellant that, as it appears from the affidavit of the publisher of the notice that the certificate would become absolute unless redeemed before the 6th day of November, 1902, and the last publication made thereof being made on August 14, 1902, less than 90 days' notice was given before the time for redemption fixed by the notice, and said notice was therefore void. By section 15 of the act it is provided "that the holder of any certificate for any piece or parcel of land sold under tax judgment must not less than 90 days preceding the maturity of such certificate serve personal notice upon the owner if he be a resident of the county where such real estate is situated of the maturity of said certificate and if the owner * * * is not a resident of the county * * * or not within such county such notice may be given by publication in some newspaper published in the county * * * for at least three weeks, the last publication to be made at least 90 days immediately preceding the expiration and maturity of such certificate." It will be observed that the last publication must be made at least 90 days before the maturity of such certificate. It affirmatively appears in this case that 90 days did not intervene between the 14th day of August, the date of the last publication of the notice, and the 6th day of November, the day at which by the notice the time for redemption would expire.

It is contended by the respondent that, inasmuch as it is provided by the latter clause of section 15 that the fee simple of any piece, parcel, or lot of land named in any certificate shall not vest in the holder thereof until the notice provided for therein is given and due proof thereof filed with the clerk of the circuit court, the omission to give 90 days' notice by the publication had the effect

of extending the time for redemption until the 90 days in fact did expire. This contention is untenable, for the reason that while it may be conceded as held by the learned Supreme Court of North Dakota in Darling v. Purcell, 13 N. D. 288, 100 N. W. 726, for the purpose of this decision that the time for redemption may be extended by the failure to give the notice within the year specified in the statute, the notice, when given, must fix the proper date when the time for redemption will expire, and, unless it does so, the notice is fatally defective. In Gage v. Bailey, 100 Ill. 530, the Supreme Court of Illinois held that "a notice by publication of a purchase of land for taxes which states that the time of redemption will expire on October 26, 1876, when it does not expire until November 6, 1876, is fatally defective." In Cable v. Coates, 36 Kan. 191, 12 Pac. 931, the Supreme Court of Kansas held that "where the date of a tax sale was September 4, 1878, and the redemption notice and list state the land must be redeemed on or before September 5, 1881, a tax deed issued on September 5th, and filed for record at 2 o'clock p. m. of the same day, is prematurely issued, and the owner of the land has the right to avoid the tax deed, as he has three years from the day of sale, and any time before the execution of the deed, to redeem his land; and, in computing the three years time, the day of sale is to be excluded. English v. Williamson, 34 Kan. 212, 8 Pac. 214." The rule laid down in the above cases seems to be sustained by the great weight of authority. Landregan v. Peppin, 86 Cal. 122, 24 Pac. 859; Gage v. Davis (Ill.) 14 N. E. 36; Benefield v. Albert, 132 Ill. 665, 24 N. E. 634; Brophy v. Harding, 137 Ill. 621, 27 N. E. 523, 34 N. E. 253; Hollenbeck v. Ess, 31 Kan. 87, 1 Pac. 275; Hill v. Timmermeyer, 56 Kan. 252, 13 Pac. 211; Wilson v. McKenna, 52 Ill. 43; State v. Nord, 73 Minn. 1, 75 N. W. 760; State v. Halden, 62 Minn. 246, 64 N. W. 568; Peterson v. P. Mast & Co., 61 Minn. 118, 63 N. W. 168; Kenaston v. Railway Co., 59 Minn. 35, 60 N. W. 813. It was not competent for the tax judgment sale purchaser to shorten the time of redemption. The attempt, therefore, of such purchaser to shorten the time, rendered his notice ineffectual for any purpose, and consequently under the statute the fee of the premises in controversy did not vest in the holder, as it is provided no title shall

vest in the holder·· until the notice· provided for· is given and· due proof· thereof filed· with the clerk of· the· circuit· court.· ·The notice of redemption,· not· being in·compliance ·with· the law was void, and no title was vested in ·the defendant Cornwell. . ·'

No title being vested in the defendant·Cornwell, is this action barred ·by·· the two-year··statute of limitations·of·1901 ?· It is ·provided ·by· section 18 of ·said, chapter ·51, before· referred··to that: "The validity of any sale shall not be called into question unless the action, in which the validity of the sale shall· be called in· question, shall be brought or· the defense alleging ·its invalidity be interposed, within two years ·from the date of· the sale: ·A sale shall be deemed completed within the provisions of this· act, when the certificate thereof has been issued by the treasurer." It is contended by the respondent that, as the certificate ·of sale had been recorded for more than two years prior to the .commencement of this action, the action was barred under that statute. It is contended by the appellant that the bar of· that statute only applies to the sale and proceedings had theretofore in the action, and does not apply to subsequent proceedings after the sale. We are of the opinion that the appellant· is right in his contention, and that the Legislature intended by the use of the term "sale" to limit the bar of the statute to the· sale proper and to the proceedings had in the action prior thereto.· The last clause of the section, providing "that a sale shall be deemed completed within the provisions. of this act, when the certificate thereof has been issued by the treasurer," was clearly intended to fix the time as to the completion of the sale at the date of the issuance of the certificate, and not at the day on which the sale was actually made. It was no doubt contemplated that, as there would be a large·number of sales and many certificates issued, they would necessarily be issued at different dates, and hence, in ·order to fix definitely the time when the bar of the statute would commence to run, the time wren in fact the certificate of sale was issued was fixed at the time when the sale should be deemed completed. This conclusion seems to necessarily follow from the fact that there were subsequent acts to be· performed by the purchaser before the title would actually vest in him, and that such time might be extended ·by his failure .to give the notice required by the statute .

within the one year specified therein, and thereby the time for redemption extended until the proper notice should be given and the proper proof as to the giving of the same should be filed in the office of the clerk of the court. Darling v. Purcell, supra. The statute of limitation, therefore, does not properly apply to the subsequent proceedings so under the control of the tax purchaser.

It is further contended by the appellant that the action is barred by the three-year statute of limitations provided for in the general revenue law, but we cannot agree with counsel in this contention. The limitation provided in the general revenue law is only applicable to deeds issued by county treasurers and recorded under the provisions of that law. We would not be justified in holding that the three-year statute of limitations found in the general revenue law and applicable to deeds recorded under that law is also applicable to the proceedings under the act of 1901. The provisions of the latter act are entirely separate and distinct from the provisions in the general revenue law, and the latter act was a special act limited by its terms to the year 1901, and was not carried into the Revised Code of 1903. The act was complete in itself, and, as will be observed, its provisions are entirely distinct from those contained in the general revenue law.

The court was clearly in error in holding that this action was barred by the two-year statute of limitations, and the judgment of the circuit court and order denying a new trial are reversed.

FULLER, J., taking no part in this decision.